1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

* * *

Dawn Strange,

             Plaintiff,

    v.

Coloplast Corp.,

             Defendant.

Case No. 2:21-cv-00972-GMN-DJA

**ORDER**

11        This matter is before the Court on the parties' joint motion for a protective order and an

12 order governing ESI protocol (ECF No. 17).  The parties request that the Court enter a protective

13 order to govern their exchange of confidential information.  The parties also request that the

14 Court enter an electronically stored information (ESI) protocol to govern their exchange of

15 electronic information.  The Court grants the motion in part and denies it in part.

16        The Court grants the parties request for an ESI protocol and the terms contained in their

17 proposed order. (ECF No. 17-2).  However, in their proposed protective order, the parties fail to

18 state the governing standard for filing documents under seal with the Court.  (ECF No. 17-1).

19        This order thus reminds counsel that there is a presumption of public access to judicial

20 files and records.  A party seeking to file a confidential document under seal must file a motion to

21 seal and must comply with the Ninth Circuit's directives in *Kamakana v. City and County of*

22 *Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and *Center for Auto Safety v. Chrysler Group, LLC*, 809

23 F.3d 1092, 1097 (9th Cir. 2016).

24        **IT IS THEREFORE ORDERED** that the parties' motion for a protective order and ESI

25 protocol (ECF No. 17) is **granted in part and denied in part.**

26        **IT IS FURTHER ORDERED** that the language contained in the parties' proposed ESI

27 protocol (ECF No. 17-2) is **granted.**

28

**IT IS FURTHER ORDERED** that the language contained in the parties' proposed protective order (ECF No. 17-1) is **granted subject to the following modifications**:

- The Court has adopted electronic filing procedures.  Attorneys must file documents under seal using the Court's electronic filing procedures.  *See* Local Rule IA 10-5.  Papers filed with the Court under seal must be accompanied with a concurrently-filed motion for leave to file those documents under seal.  *See* Local Rule IA 10-5(a).  This order specifically supersedes Section II(A)(11) of the parties' stipulated protective order.  (ECF No. 17-1 at 8).

- The Court has approved the instant protective order to facilitate discovery exchanges, but there has been no showing, and the Court has not found, that any specific documents are secret or confidential.  The parties have not provided specific facts supported by declarations or concrete examples to establish that a protective order is required to protect any specific trade secret or other confidential information pursuant to Rule 26(c) or that disclosure would cause an identifiable and significant harm.

- All motions to seal shall address the standard articulated in *Ctr. for Auto Safety* and explain why that standard has been met.  809 F.3d at 1097.

- Specifically, a party seeking to seal judicial records bears the burden of meeting the "compelling reasons" standard, as previously articulated in *Kamakana*.  447 F.3d 1172.  Under the compelling reasons standard, "a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture."  *Ctr. for Auto Safety*, 809 F.3d at 1097. (quoting *Kamakana*, 447 F.3d at 1179).  "The court must then 'conscientiously balance[ ] the competing interests of the public and the party who seeks to keep certain judicial records secret."  *Ctr. for Auto Safety*, 809 F.3d at 1097.

- There is an exception to the compelling reasons standard where a party may satisfy the less exacting "good cause" standard for sealed materials attached to a discovery motion unrelated to the merits of the case. *Id.* "The good cause language comes from Rule 26(c)(1), which governs the issuance of protective orders in the discovery process: 'The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Id.* (citing Fed.R.Civ.P. 26(c)). "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips v. General Motors*, 307 F.3d 1206, 1210-11 (9th Cir. 2002).

- The labels of "dispositive" and "nondispositive" will not be the determinative factor for deciding which test to apply because the focal consideration is "whether the motion is more than tangentially related to the merits of a case." *Ctr. for Auto Safety*, 809 F.3d at 1101.

- The fact that the Court has entered the instant stipulated protective order and that a party has designated a document as confidential pursuant to that protective order does not, standing alone, establish sufficient grounds to seal a filed document. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133 (9th Cir. 2003); *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). If the sole ground for a motion to seal is that the opposing party (or non-party) has designated a document as confidential, the designator shall file (within seven days of the filing of the motion to seal) either (1) a declaration establishing sufficient justification for sealing each document at issue or (2) a notice of withdrawal of the designation(s) and consent to unsealing. If neither filing is made, the Court may order the document(s) unsealed without further notice.

///
///
///

- <u>To the extent any aspect of the stipulated protective order may conflict with this order or Local Rule IA 10-5, that aspect of the stipulated protective order is hereby superseded with this order.</u>

IT IS SO ORDERED.

       DATED: September 15, 2022.

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE